CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
60 South Market, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5087
Email: michael.t.pyle@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM SEOUL CENTRAL DISTRICT COURT, REPUBLIC OF KOREA | Case No. 25-80241<br><br>**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

The United States of America, by and through counsel, submits this Memorandum of Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute Letters of Request from judicial authorities in Seoul, Republic of Korea, for international judicial assistance to obtain documents from Google LLC ("Google").

## INTRODUCTION

The request for international judicial assistance comes from the Seoul Central District Court in Seoul, Republic of Korea ("Korean Court"). Specifically, the Korean Court issued Letters of Request seeking assistance to obtain documents for use in a case brought by Seyeon In Case No. 2024Gadan5381770. *See* Declaration of Assistant United States Attorney Michael T. Pyle ("Pyle Decl."), ¶ 2 & Exs. 1-2 (Letters of Request).

The facts of this case, as stated in the Letters of Request, indicate that this is a civil proceeding in which the Korean Court is adjudicating the claim by Seyeon In for damages from emotional distress due to insults and false information about plaintiff posted in anonymous comments posted on YouTube videos. In order to make its determination, the Court is requesting information to allow the identification of twenty anonymous users who posted comments on YouTube videos.

The Korean Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention]. The request was then forwarded to the Office of the United States Attorney for the Northern District of California. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

---

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). *See also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the district court" and holding that the *ex parte* process should not restrict a respondent's legal rights). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

UNITED STATES' MEMO. OF LAW FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)        1

**ATTEMPTS TO OBTAIN REQUESTED INFORMATION**

Assistant United States Attorney Michael T. Pyle sent Google a letter dated March 13, 2025, by email regarding two Letters of Request. Pyle Decl. ¶ 2 & Exh. 1 (but not including the Letter of Request that is not at issue in this case). Google subsequently confirmed that it had already complied with one of the Letters of Request in connection with a miscellaneous case filed in this district by Seyon In. *See In Re Ex Parte Application of Seyeon In*, 5:24-mc-80301-BLF. Pyle Decl. ¶ 2. On May 20, 2025, Mr. Pyle emailed another Letter of Request to Google's outside counsel. *Id*. & Ex. 2. The two Letters of Request at issue in this case include one identified in my March 13, 2025 letter, and one that I emailed to Google's outside counsel on May 20, 2025. *Id*.

Google has advised that it will require a subpoena to respond to the requests. Pyle Decl. ¶ 4. Google has confirmed that the proposed order and application are acceptable to Google, and that while <u>Google reserves all rights with respect to any response to any subpoena issued pursuant to this Application, Google does not object to the granting of the Application or the issuance of a subpoena pursuant to this Application in the first instance</u>. *Id*. (emphasis added).

**ARGUMENT**

**I.     THE HAGUE EVIDENCE CONVENTION**

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States and the Republic of Korea. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-

table/acceptances/?mid=1057 (last visited August 11, 2025) (the Hague Evidence Convention entered into force between the United States and the Republic of Korea on March 9, 2010).

When executing a Letter of Request, the Hague Evidence Convention requires a Requested Authority to "apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation."). *See also Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also repeatedly taken the position that an Act of Congress, which must comply with the Constitution, is on a full parity with a treaty").

II. **STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES**

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute permits a court to direct that the evidence "be produced before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district

court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

This Court is authorized to provide assistance to the Korean Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, Google "resides or is found in" the Northern District of California because its corporate headquarters is located in Mountain View, California, which is in this district. Pyle Dec. ¶ 3 & Ex. 3 (California Secretary of State filing showing Google's address is in Mountain View, California); *see also United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017 (N.D. Cal. 2023) ("Google's headquarters are in Mountain View, California, which is located within the geographic boundaries of the Northern District of California."). Second, the Letters of Request explain that requested evidence "for use in a proceeding before a foreign tribunal" as these documents are needed to address the claim by Seyeon In for damages from emotional distress due to insults and false information about plaintiff posted in anonymous comments posted on YouTube

videos. *See* Pyle Decl. ¶ 2 & Exs. 1-2. Third, the Letter of Request is made by the Korean Court, *id.*, which is a "foreign or international tribunal," 28 U.S.C. § 1782(a).

### III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Korean Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in

the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and testimony from a party residing or located outside Germany without U.S. court assistance). Google is not a party to the proceedings and the evidence held by Google appears to be outside the jurisdictional reach of the Korean Court because Google is physically located in Mountain View, California and the Korean Court has formally requested the assistance of the United States pursuant to the Hague Evidence Convention.

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Korean Court or the character of the proceedings. Additionally, this request was initiated by the Korean Court and not by an independent party; therefore, the Korean Court is clearly receptive to the assistance of this Court. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden,* 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure.).

With respect to the third factor, because the requester is the Korean Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Korean discovery rules or to thwart the policies of the Republic of Korea. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the request would thwart the policies of the United States.

And with respect to the fourth factor, the request seeks specific information to allow the identification of twenty anonymous users who posted comments on YouTube videos and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC,* 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) (holding that "no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored."). *See also Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be

assessed based on the 'discovery scope' available in a foreign proceeding. Few if any foreign jurisdictions permit the scope of discovery available in our courts.").

Finally, courts in this district have approved applications for information from Google LLC to identify anonymous users who post comments on YouTube videos. *In Re Ex Parte Application of Seyeon In*, 5:24-mc-80301-BLF, 2024 WL 5173317 (Dec. 19, 2024); *In re Kim*, No. 24-MC-80072-PCP, 2024 WL 1898453 (N.D. Cal. Apr. 30, 2024). The United States does not seek any banking information from Google LLC.

Accordingly, each of the four discretionary factors set forth in *Intel* favors authorizing judicial assistance to the Korean Court.

## CONCLUSION

Attached to the Declaration of Michael T. Pyle is the proposed subpoena that this office intends to serve (in substantially similar format) on Google should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Pyle Decl. ¶ 5 & Ex. 4. Upon receipt, the evidence will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Korean in Seoul, Republic of Korea.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Michael T. Pyle for the purpose of issuing a subpoena to execute the request for international judicial assistance.

DATED: August 12, 2025                               Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Michael T. Pyle*
MICHAEL T. PYLE
Assistant United States Attorney

Attorneys for the United States of America